JUDGE FAILLA

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH LEWIS,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
BRIAN DAVIS, Tax ID 931624, Individually and in
his Official Capacity, and NEW YORK CITY
POLICE OFFICERS "JOHN DOE" 1-5, Individually
and in their Official Capacities, the names "JOHN
DOE" being fictitious as the true names are not
presently known,

                Defendants.

---

13 CV 9048

COMPLAINT

JURY TRIAL DEMANDED

RECEIVED DEC 23 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, DEBORAH LEWIS, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for her Complaint, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff, DEBORAH LEWIS, is, and has been, at all relevant times, a resident of the City and State of New York.

7.  Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.  At all times hereinafter mentioned, the individually named defendants, presently known as POLICE OFFICERS "JOHN DOE" 1-5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

### THE MAY 27, 2011 INCIDENT

13. On or about May 27, 2011 at approximately 10:00 p.m., plaintiff DEBORAH LEWIS, was lawfully present at the 28th police precinct at 2271 Frederick Douglas Boulevard, in the County and State of New York.

14. Plaintiff was at the precinct accompanying a friend, Monique McDonald, who was there to file a report.

15. Without cause or provocation, the defendant officers approached the plaintiff and handcuffed her arms tightly behind her back.

16. At no time on May 27, 2013 did plaintiff commit any crime or violation of law.

17. At no time on May 27, 2013 did defendants possess probable cause to arrest plaintiff.

18. At no time on May 27, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

19. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

20. As a direct result of her unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately twenty hours in custody.

21. Despite defendants' actions, the New York County District Attorney's Office declined to prosecute charges against DEBORAH LEWIS and she was released from custody.

22. As a result of the foregoing, plaintiff DEBORAH LEWIS sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

### THE JULY 8, 2013 INCIDENT

23. On or about July 8, 2013 at approximately 4:00 p.m., plaintiff DEBORAH LEWIS, was lawfully present at the Duane Reade Pharmacy located at 1231 Madison Avenue, in the City,

3

County and State of New York.

24. At that time and place, the defendant officers approached plaintiff, grabbed her from behind, and placed her in handcuffs, informing her that she was under arrest for attempting to obtain an unlawful prescription.

25. Plaintiff remained handcuffed at the above described location for approximately two hours, during which time she lost control of her bladder.

26. Plaintiff was then released from custody, still at the scene of her arrest, with no charges filed against her.

27. At no time on July 8, 2013 did plaintiff commit any crime or violation of law.

28. At no time on July 8, 2013 did defendants possess probable cause to arrest plaintiff.

29. At no time on July 8, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

30. As a result of the foregoing, plaintiff DEBORAH LEWIS sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

### FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983 FOR THE MAY 27, 2011 AND JULY 8, 2013 INCIDENTS

31. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

32. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff, DEBORAH LEWIS, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants

in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983 FOR THE MAY 27, 2011 AND JULY 8, 2013 INCIDENTS

37. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

38. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

39. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

40. Plaintiff, DEBORAH LEWIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41. Defendants arrested and incarcerated plaintiff, DEBORAH LEWIS, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, and safety and violate her constitutional rights.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

44. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

45. The aforementioned customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

   iii. falsifying evidence and testimony to support those arrests;

   iv. falsifying evidence and testimony to cover up police misconduct.

46. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, DEBORAH LEWIS.

47. The foregoing customs, policies, usages, practices, procedures and rules of THE

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

49. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

50. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

51. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

52. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly her Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

53. Plaintiff, DEBORAH LEWIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

54. On or about August 16, 2013, and within (90) days after the claims associated with the July 8, 2013 incident accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

55. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

56. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on October 31, 2013.

57. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

58. Plaintiff has complied with all conditions precedent to maintaining the instant action.

59. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## FOURTH CLAIM FOR RELIEF
### FOR ASSAULT AND BATTERY UNDER NEW YORK LAW FOR THE JULY 8, 2013 INCIDENT

60. Plaintiff, DEBORAH LEWIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

61. At the aforesaid place and time, the individually named defendants did cause plaintiff, DEBORAH LEWIS, to be unlawfully assaulted and battered, without cause or provocation.

62. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendants, THE CITY OF NEW YORK.

63. As a result of the aforesaid assault and battery, plaintiff, DEBORAH LEWIS, was injured, both physically and mentally.

## FIFTH CLAIM FOR RELIEF
### FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW FOR THE JULY 8, 2013 INCIDENT

64. Plaintiff, DEBORAH LEWIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

65. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

66. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for hER safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

67. As a result of the foregoing plaintiff, DEBORAH LEWIS, was caused to sustain physical and emotional injuries.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
December 19, 2013

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

INDEX NO.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH LEWIS,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER BRIAN DAVIS, (TAX 931624), INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AND NEW YORK CITY POLICE OFFICERS "JOHN DOES" 1-5, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, THE NAMES "JOHN DOE" BEING FICTITIOUS AS THE TRUE NAMES ARE NOT PRESENTLY KNOWN,

                              Defendants.

---

**SUMMONS AND COMPLAINT**

---

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Attorneys for Plaintiffs*
**80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020**

---

TO:    The City of New York
         c/o The New York City Law Department
         100 Church Street
         New York, New York 10007

         Police Officer, Brian Davis (Tax 931624)
         c/o New York City Police Department-028th Precinct
         2271 Frederick Douglas Blvd
         New York, New York 10027

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                          Matthew Shroyer